UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TOMMY CHANCI CASTLE, SR.**
**and 4 CASTLE'S INC.,**

        **Plaintiffs,**

v.                                                    Case No:   6:18-cv-243-Orl-41GJK

**THE STATE OF FLORIDA,**
**GOVERNOR RICK SCOTT and**
**INTERNAL REVENUE SERVICE,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT (Doc. No. 2)** |
| **FILED:** | April 11, 2018 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT (Doc. No. 3)** |
| **FILED:** | April 11, 2018 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

**I.     FACTUAL BACKGROUND**

On February 20, 2018, Plaintiff Tommy Chanci Castle, Sr., proceeding *pro se*, filed a complaint (the "Complaint") on behalf of himself and Plaintiff 4 Castles, Inc. Doc. No. 1. The

Complaint alleges a number of claims against Defendants and requests various forms of relief, including damages and entry of a declaratory judgment. *Id.* at 11. Mr. Castle has not paid the Court's filing fee and has not sought leave to proceed *in forma pauperis*.

On April 11, 2018, Mr. Castle filed a motion seeking entry of default judgment against Defendants (the "Motion for Default Judgment"). Doc. No. 2. In the Motion for Default Judgment, Mr. Castle states that Defendants were served with the Complaint in February 2018. *Id.* at 1-2. Mr. Castle, however, never filed an affidavit of service showing that Defendants were properly served pursuant to Federal Rule of Civil Procedure 4. Furthermore, Mr. Castle never moved for clerk's default before moving for entry of default judgment.

On April 11, 2018, Mr. Castle filed a motion for summary judgment (the "Motion for Summary Judgment") against Defendants. Doc. No. 3. In the Motion for Summary judgment, Mr. Castle states that Defendants have not submitted any evidence, and thus, there are no triable issues of fact before the Court. *Id.* at 3. Mr. Castle also states that "the undisputed facts and the written law make[] it clear that it would be impossible for the opposing parties to prevail if the matter were to proceed to trial…" *Id.* at 4.

## II.   APPLICABLE LAW

### A. Default Judgment

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. Fed. R. Civ. P. 55. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for entry of default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must determine

whether the defendant was properly served. *Thomas Cook UK Ltd. v. Maesbury Homes, Inc.*, 280 F.R.D. 649, 652 (M.D. Fla. 2012).

### B. Summary Judgment

Federal Rule of Civil Procedure 56(a) states that the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Eleventh Circuit "has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 869 (11th Cir. 1988) (citing authority). This is because the "party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." *Id.* (citing *Parrish v. Bd. of Commr's of the Ala. State Bar*, 533 F. 2d 942, 948 (5th Cir. 1976)).[1]

### III.   ANALYSIS

With regard to the Motion for Default Judgment, Mr. Castle never filed an affidavit of service showing that Defendants were properly served under Rule 4.[2] As stated previously, the Court must determine whether a defendant was properly served before entering default judgment. *Thomas Cook UK Ltd.*, 280 F.R.D. at 652. Without an affidavit of service showing that Defendants were properly served, the Court is unable to make such a determination. *See* Fed. R. Civ. P. 55(a) (requiring a showing that the defendant failed to defend "by affidavit or otherwise…"); Fed. R.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] Rule 4 provides for the methods of service required in federal court. Fed. R. Civ. P. 4. A plaintiff must strictly comply with the methods provided in Rule 4 in order for service to be proper. The rule also states that proof of service must be made by filing an affidavit of service with the Court. Fed. R. Civ. P. 4(l).

Civ. P. 4(l). Furthermore, Mr. Castle did not obtain clerk's default before filing the Motion for Default Judgment, and thus, he failed to comply with Rule 55. Given the foregoing, it is recommended that the Motion for Default Judgment be denied.

With regard to the Motion for Summary Judgment, Defendants have not made an appearance in this case, and thus, the parties have not engaged in any discovery. *See Snook*, 859 F.2d at 869. Furthermore, Mr. Castle has not paid the Court's filing fee and has not moved for leave to proceed *in forma pauperis*.[3] Given the foregoing, it is recommended that the Motion for Summary Judgment be denied as premature.

## IV.  CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the Court **DENY** the Motion for Default Judgment (Doc. No. 2) and the Motion for Summary Judgment (Doc. No. 3).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 14, 2018.

*/s/ Gregory Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[3] In addition to these issues, Mr. Castle seeks to represent 4 Castles, Inc. in this case. Doc. No. 1 at 1. Mr. Castle's representation of 4 Castles, Inc. violates Local Rule 2.03, which states that a corporation can only appear through counsel admitted to practice before the Court. Local Rule 2.03(e). Such issues were addressed in a separate order. Doc. No. 4.