# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TOMMY CHANCI CASTLE, SR.,**

      **Plaintiff,**

**v.**                                    **Case No:   6:18-cv-243-Orl-41GJK**

**THE STATE OF FLORIDA,**
**GOVERNOR RICK SCOTT and**
**INTERNAL REVENUE SERVICE,**

      **Defendants.**

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AFFIDAVIT OF SERVICE (Doc. No. 7)** |
| **FILED:** | **June 21, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR AFFIDAVIT OF SERVICE (Doc. No. 8)** |
| **FILED:** | **June 21, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

> **MOTION:**   **MOTION TO ADD EVIDENCE (Doc. No. 12)**
>
> **FILED:**     **June 28, 2018**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT.**

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT (Doc. No. 15)**
>
> **FILED:**     **August 23, 2018**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and
> Plaintiff's complaint be **DISMISSED.**

## I.     FACTUAL BACKGROUND

On February 20, 2018, Plaintiff Tommy Chanci Castle, Sr., proceeding *pro se*, filed a complaint (the "Complaint") on behalf of himself and 4 Castles, Inc. ("4 Castles"). Doc. No. 1. The Complaint alleges a number of claims against Defendants and requests various forms of relief, including damages and entry of a declaratory judgment. *Id*. at 11. No counsel appeared on behalf of 4 Castles.

On June 14, 2018, the undersigned issued an order striking the Complaint as to 4 Castles because Local Rule 2.03(b) requires a corporation to be represented by counsel. Doc. No. 4 at 3. The undersigned also directed Plaintiff to file an affidavit of service stating the method that was used to effect service on Defendants. *Id*. The undersigned warned Plaintiff that his failure to take such actions before June 28, 2018 may result in the case being dismissed. *Id.*

On June 21, 2018, Plaintiff filed two motions (the "Motions for Affidavits of Service") requesting that the Court issue affidavits of service against a number of persons, many of whom are not named as Defendants. Doc. Nos. 7, 8. On June 26, 2018, Plaintiff filed a notice stating that

he paid a process server $800 and that such payment shows "the Court that Defendants were properly served under Federal Rule of Civil Procedure 4." Doc. No. 11 at 1-2.

On June 28, 2018, Plaintiff filed a Motion to Add Evidence (the "Motion to Add Evidence") requesting the Court to consider a filing from what appears to be a related action in Florida state court. Doc. Nos. 12, 12-1. In the state court filing, Plaintiff requests a "change of venue" from Florida state court to this Court based on the allegation that he is unable to have a fair and impartial trial in Florida courts. Doc. No. 12-1 at 2.

On June 28, 2018, Plaintiff filed proofs of service stating that certain documents were served on a number of persons. Doc. No. 13. On June 29, 2018, Plaintiff filed additional proofs of service stating the same. Doc. No. 14. None of the proofs of service state that a summons was served along with the Complaint. Doc. Nos. 13, 14. Furthermore, the docket does not reflect that the Clerk issued any summonses.

On August 23, 2018, Plaintiff filed a motion (the "Motion for Default Judgment") requesting that the Court enter default judgment against a number of persons, many of whom are not named as Defendants. Doc. No. 15 at 18-27. Attached to the Motion for Default Judgment are a number of documents, but Plaintiff does not describe how such documents are relevant to the case. Doc. Nos. 15-1 – 15-15.

## II.    ANALYSIS

### A.  The Motions for Affidavits of Service

Federal Rule of Civil Procedure 4(l)(1) states:

> (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

Fed. R. Civ. P. 4(l)(1). Thus, unless service is waived, proof of service must be made to the Court. *Id.* Usually, proof of service requires filing an affidavit from the person who served process. *Id.*

Here, the United States Marshal or Deputy Marshal did not effect service, and thus, the Court cannot issue an affidavit of service. Instead, it is Plaintiff's responsibility to obtain an affidavit from the person who effected service. Fed. R. Civ. P. 4(l)(1). Given the foregoing, it is recommended that the Court deny the Motions for Affidavits of Service.

### B.  The Motion for Default Judgment

Plaintiff also seeks default judgment against a number of persons. Doc. No. 15. The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. Fed. R. Civ. P. 55. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for entry of default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must determine whether the defendant was properly served. *Thomas Cook UK Ltd. v. Maesbury Homes, Inc.*, 280 F.R.D. 649, 652 (M.D. Fla. 2012).

Plaintiff's request for entry of default judgment is unavailing for two reasons. First, Plaintiff never sought clerk's default against any of the persons named in the Motion for Default Judgment. "[A] clerk's entry of default must precede an application to the district judge for entry of default judgment." *Travelers Cas. and Sur. Co. of Am., Inc. v. E. Beach Dev., LLC*, No. 07-0347-WS-B, 2007 WL 4097440, at * 1 (S.D. Ala. Nov. 14, 2007) (citing authority and denying motion for default judgment due to a party's failure to first obtain clerk's default). Thus, entry of default judgment in this case is improper absent an entry of clerk's default.

Second, Plaintiff has failed to show proper service under Federal Rule of Civil Procedure 4. The rule states that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Plaintiff filed proofs of service, but none of the proofs of service state that a summons was served along with the Complaint. Doc. Nos. 13, 14. Furthermore, the docket does not reflect that the Clerk issued any summonses. Given the foregoing, Plaintiff has failed to show proper service under Rule 4, and thus, it is recommended that the Court deny the Motion for Default Judgment.

### C.  Dismissal

Federal Rule of Civil Procedure 4(c)(1) states:

> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). Thus, Plaintiff is responsible for serving a summons along with the Complaint within the time allowed under Rule 4(m), which is ninety days after the Complaint was filed. *Id.*; Fed. R. Civ. P. 4(m). Rule 4(m) states that if "a defendant is not served within 90 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant …" Fed. R. Civ. P. 4(m).

When the undersigned issued the June 14, 2018 order, Plaintiff had not shown proper service within ninety days. Doc. No. 4 at 2-3. Out of an abundance of caution, the undersigned provided Plaintiff an additional fourteen days to file an affidavit showing proper service under Rule 4. *Id.* at 3. Plaintiff filed proofs of service by the June 28, 2018 deadline, but none of those proofs of service state that a summons was served along with the Complaint. Doc. Nos. 13, 14. Furthermore, the docket does not reflect any issuance of a summons from the Clerk. Thus, Plaintiff has failed to show proper service under Rule 4 by the Court's deadline.

Rule 4(m) requires the Court to provide notice to the plaintiff before dismissing a case due to lack of service. Fed. R. Civ. P. 4(m). The Court warned Plaintiff that his failure to file an affidavit showing proper service by June 28, 2018 may result in the dismissal of this case. Doc. No. 4 at 3. Plaintiff has failed to show proper service by the Court's deadline. Accordingly, it is recommended that the Court dismiss the Complaint.[1]

## III.   CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the Court:

1)  **DENY** the Motions for Affidavits of Service (Doc. Nos. 7, 8); and

2)  **DENY** the Motion for Default Judgment (Doc. No. 15); and

3)  **DISMISS** the Complaint (Doc. No. 1); and

4)  **DENY AS MOOT** the Motion to Add Evidence (Doc. No. 12); and

5)  **DIRECT** the Clerk to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 29, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Unrepresented Party

---

[1] Also pending before the Court is the Motion to Add Evidence. Doc. No. 12. Because it is recommended that the Complaint be dismissed due to Plaintiff's failure to show proper service, it is also recommended that the Court deny the Motion to Add Evidence as moot.